THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY
WHITESIDE, Defendant-Appellant.

First District (4th Division)    No. 61817

Opinion filed June 9, 1976.

James J. Doherty, Public Defender, of Chicago (Geary W. Kull, Donald S.
Honchell, and Robert P. Isaacson, Assistant Public Defenders, of counsel), for
appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E.
Shabat, and Richard I. Michael, Assistant State's Attorneys, of counsel), for the
People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant was charged in separate indictments with two armed robberies. He was found guilty as charged by a jury and was sentenced to a term of from 10 to 12 years in the penitentiary. Three issues are presented by this appeal:

> (1) Whether defendant's motion for substitution of judges constituted a delay occasioned by the accused under section 103—5 of the Code of Criminal Procedure; (Ill. Rev. Stat. 1971, ch. 38, par. 103—5.)
>
> (2) Whether there was probable cause for defendant's arrest; and
>
> (3) Whether the trial court properly refused to reopen the hearing on the motion to quash the arrest and suppress the evidence heard at the preliminary hearing.

On January 21, 1971, at approximately 3 p.m., Peter and Edward Lenz drove their oil trucks into the alley behind 6759 South Marshfield in Chicago, Illinois. The two men alit from their trucks and had a conversation. Two men approached the Lenzes. They took the truck drivers' money at gunpoint and fled on foot.

On January 23, 1971, the defendant was stopped by police for obstructing traffic. The defendant had neither a valid driver's license nor a bond certificate in his possession and therefore was arrested and transported to the police station. The arresting officer noticed a lookout message for a car, used in connection with the robbery, which matched the description of the car driven by the defendant. The officer notified the investigator assigned to the robbery case.

The robbery investigator contacted the Lenzes and requested that they come to the police station. Peter and Edward Lenz arrived at the police station and independently viewed a line-up containing five men. Peter and Edward identified the defendant as one of the men who had robbed them; specifically, the one carrying the gun. Five hours had passed from the time defendant was arrested for the traffic offense to the time of the line-up identifications of defendant took place.

■■ Defendant first asserts that he was incarcerated for a period of 163 days without causing any delay in his trial. Accordingly, under section 103—5 of the Code of Criminal Procedure, he became entitled to release on May 23, 1971. The State counters by arguing that defendant's motion for substitution of judges constituted a delay occasioned by defendant and therefore began the running of the statutory period anew.

The question of whether a motion for substitution of judges in and of itself constitutes a delay occasioned by the accused, within the meaning of section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5) so as to toll the running of the 120-day period within which an accused must be brought to trial, recently was considered by

this court in *People v. Richmond* (1975), 34 Ill. App. 3d 328, 340 N.E.2d 240. After an exhaustive examination of authority, we held in *Richmond* that a motion for substitution of judges is a delay attributable to the accused which tolls the running of the 120-day period for bringing an accused to trial. In the case at bar, the defendant was arrested on January 23, 1971. On March 29, 1971, defendant was arraigned, and the cause was assigned to Judge Collins for trial. On April 7, 1971, the defendant moved for a substitution of judges. This motion was granted on the same day, and the cause was transferred to the presiding judge for reassignment. On April 8, 1971, the cause was assigned to Judge Fitzgerald. The cause was continued by order of court several times until July 14, 1971, when the cause was continued by agreement until August 9, 1971. On July 29, 1971, defendant was released from custody on bail bond. From that time until the trial, the cause was continued many times by agreement or on motion of defendant. This court concludes that defendant was not entitled to discharge on May 22, 1971, because his motion for a substitution of judges, made on April 7, 1971, tolled the running of the 120-day period and started it running anew.

■■ Defendant next asserts that the preliminary hearing judge erred when he denied defendant's motion to quash the arrest and suppress the subsequent identification testimony. Defendant reasons "that his detention for a period of 5 hours, after an initially valid [criminal traffic] arrest, went past the normal detention for such an arrest, and his continued detention as a robbery suspect was unconstitutional." Therefore, defendant concludes that the line-up identifications of defendant by Peter and Edward Lenz, five hours after defendant initially was taken into custody for the traffic offense, "were the products of an unlawful detention and should have been suppressed." This court does not agree.

Defendant initially was arrested for obstructing traffic. He did not have a valid operator's license nor did he possess a bond certificate. He was taken, therefore, to the police station until he could post bond. During this lawful detention, the arresting officer determined that the automobile defendant had been driving matched the description of a car linked to a robbery. The investigator assigned to the robbery case was notified of a possible connection. The record reveals nothing to indicate that the defendant was able to post bond in connection with the traffic charge. The subsequent investigation, including the line-up identifications, was appropriate because the defendant already was properly in custody for the traffic violation. Defendant's lawful detention did not ripen into one which was unlawful merely because he became a suspect in a robbery case. The defendant was not arrested for the Lenz robberies until after the line-up identifications by the robbery victims. Defendant is under the

misapprehension that his arrest for the robberies occurred before the line-up identifications and concomitantly that there was no probable cause for such arrest. We believe that no question of probable cause for the defendant's robbery arrest exists because he was already, properly in custody for the traffic offense and was not arrested for the robberies until after the line-up identifications. At that point, probable cause existed for defendant's arrest for the robberies.

■■ Defendant's final contention, that the trial court erred in refusing to reopen the hearing on the motion to quash the arrest and suppress the evidence heard at the preliminary hearing, is without merit. The new evidence allegedly discovered by the defendant went to a question of whether or not the color of the car linked to the robbery was given to the police by an unnamed witness. However, neither defendant's arrest for the traffic violation nor his arrest for the robberies after the line-up identifications was founded on the color of the automobile driven by defendant. The new evidence was irrelevant to any question of probable cause for either arrest under the facts in this case.

For the foregoing reasons, the judgments of the Circuit Court of Cook County are affirmed.

Judgments affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.